UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United Road Logistics, LLC,

    Plaintiff,

v.                                        Case No. 16-12141

Bull Transport, LLC,              Sean F. Cox
                                              United States District Court Judge

    Defendant.
_____/

## ORDER REGARDING
## PENDING MOTION TO DISMISS
## AND STATEMENT REGARDING INTENTION TO SEEK LEAVE TO AMEND

    Plaintiff United Road Logistics, LLC filed suit against Defendant Bull Transports, LLC in Wayne County Circuit Court, asserting the following counts: 1) "Breach of Contract" (Count I); and 2) "Violation of 49 U.S.C. § 14706 Carmack Amendment" (Count II).  Defendant removed the action to this Court, based upon federal question jurisdiction.

    On June 20, 2016, Defendant filed a Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket Entry No. 6).  Defendant's motion asks this Court to dismiss both counts with prejudice.

    Defendant's Motion to Dismiss has been fully briefed by the parties and is scheduled to be heard by this Court on November 17, 2016.

    In preparing for the hearing, however, this Court noticed that Defendant's response brief states that Defendant "intends to ask this Court to permit it to file an amended complaint adding URS Midwest, Inc. as a Plaintiff."  (Docket Entry No. 12 at Pg ID 162 & 172).

    At this stage of the litigation, Plaintiff may amend its complaint "only with the opposing

1

party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  "The party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'" *D.E. & J Limited P'ship v. Conway*, 284 F. Supp.2d 719, 751 (E.D. Mich. 2003) (quoting *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299,306 (6th Cir. 2000)).

Here, Plaintiff has not moved to file an amended complaint, nor has Plaintiff presented the Court with any proposed amended complaint.  Rather, it appears that Plaintiff intends on waiting until after this Court rules on the pending motion before seeking leave to amend.

The Sixth Circuit's disfavor of such tactics, "in lieu of a properly filed motion for leave to amend was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F. Supp.2d 655, 669 (E.D. Mich. 2007).  What Plaintiff has stated, "almost as an aside," to this Court in its brief in opposition to the Motion to Dismiss is not the proper procedure for requesting leave to amend. *Begala,* 214 F.3d at 784; *see also Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010).   "As the *Begala* decision stated in affirming a district court's dismissal of the plaintiff's complaint with prejudice:

> Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss . . . the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint ... Absent such a motion, however, Defendant was entitled to a review of the complaint as filed . . . *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint* and then an opportunity to cure those deficiencies.

*Louisiana Sch. Emp. Ret. Sys.*, 622 F.3d at 486 (quoting *Begala*, 214 F.3d at 784) (emphasis in original).

Without expressing any view regarding the merits of the pending Motion to Dismiss, the

Court hereby **ADJOURNS the November 17, 2016 hearing date** and affords Plaintiff the opportunity to cure any purported deficiencies by filing an amended complaint. **The Court ORDERS that any amended complaint must be filed no later than November 17, 2016.**

If Plaintiff files an amended complaint by that date, the Court shall deny without prejudice the pending Motion to Dismiss.

If Plaintiff elects not to file an amended complaint by November 17, 2016, then this Court will reschedule a hearing date for the pending motion, and will hear and determine the pending motion based upon the existing complaint.[1]

      **IT IS SO ORDERED**.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: November 10, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2016, by electronic and/or ordinary mail.

                                          S/Jennifer McCoy
                                          Case Manager

---

[1] If Plaintiff elects not to file an amended complaint and the Court rules on the pending motion, any dismissal may be with prejudice.